## Koontz *v.* Messer and Quaker State Oil Refining Company, Appellants.

Argued October 3, 1935.   Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John E. Evans, Sr.,* of *Margiotti, Pugliese, Evans & Reid,* with him *E. V. Buckley* and *Harold T. Parker,* for appellants.

*J. Villard Frampton,* with him *W. Pitt Gifford, G. G. Martin* and *J. H. Courtney,* for appellee.

OPINION BY MR. JUSTICE DREW, November 25, 1935:

Plaintiff brought this action against Samuel Messer and the Quaker State Oil Refining Company, a corporation of which he is president, for injuries alleged to have been caused by the negligence of their servant, Forrest O. Koontz, who is plaintiff's husband. These defendants thereupon caused a writ of scire facias to issue to bring Koontz upon the record as an additional defendant, alleging him to be liable over to them for the cause of action declared on. Verdicts were returned in favor of plaintiff against the original defendants and in favor of the original defendants against the additional defendant, and from the judgment entered on the verdict against them the original defendants have appealed.

Plaintiff's husband was employed as a salesman by the defendant company. In August, 1930, he was instructed to visit various distributors and representatives of the company, on company business, in Washington, D. C., Wilmington, Philadelphia and Harrisburg. For the purpose of reaching those cities from Oil City, according to the testimony, an automobile belonging to Mr. Messer was to be used, in the absence of the company car. Arrangements were then made by Mr. Messer, who is plaintiff's father, that she should accompany her husband on the trip, in order to inspect schools in Washington and choose one for her sister, Helen Messer. The car was driven by and was in charge of Mr. Koontz during the whole of the trip. The accident happened near Brookville, on August 13th, in the course of the return journey, after the various cities had been visited, a school chosen, and business transacted for the company,

in accordance with the previous arrangements. The Messer automobile, driven by Koontz at the rate of approximately 55 miles an hour, had just passed a car and was on the point of passing a second, at an intersection, when the latter car gave indications of being about to turn left. The Messer car, in which plaintiff, who was asleep at the time, was riding, thereupon swerved to the left side of the road, entered a ditch, and struck a culvert and a telegraph pole, throwing plaintiff from the seat and causing a fracture of the femur of her right leg. For reasons which do not clearly appear from the record, the fracture did not mend properly, although she was immediately taken to a hospital and was thereafter under the care of several doctors. Plaintiff suffered an increasing amount of pain until she was taken to the Johns Hopkins Hospital in Baltimore in the following January, where it was found necessary to operate. As a consequence of the accident, her right leg has become permanently shortened, so that she cannot bring her heel to the ground, and she also suffers a permanent loss of about one-third of the normal motion of her hip-joint and one-half of the normal flexion of her knee, while there is a further limitation in her ankle, to the extent of one-third of its normal motion. She is a young woman, having been twenty-four years of age at the time of the accident.

Appellants claim that the court below erred in overruling their motions for a new trial and for judgment n. o. v. Three principal contentions are made by them on the merits. We shall consider them separately. (1) Appellants argue that plaintiff and her husband were fellow-servants of Samuel Messer, engaged in the furtherance of a common purpose, the choice of a school for the latter's daughter, and that plaintiff, having been injured by the negligence of her fellow-servant, cannot recover from the master. This argument, which does not appear to have been made in the court below, is clearly insupportable. Nothing in the record indicates that

plaintiff was her father's servant or in any way subject to his control or right of control at the time of the accident. While in Washington she had made arrangements for her sister's entrance into the school, sent the application to her father for his signature, and reported to him by telephone. She had thus discharged her obligation to her father and was no longer engaged in any service for him at the time of the accident. The cases cited by appellants in support of their position are concerned with workmen employed in a mill or mine or otherwise industrially employed and are therefore plainly not relevant. This is obviously not a case in which the fellow-servant rule is applicable.

(2) Appellants, admitting that Koontz was the servant of Messer, claim that at the time of the accident he was not under the direction and control of the company, and therefore he was not its servant. Apart from a statutory demurrer, which was overruled, appellants filed no affidavit of defense, although they were given leave to do so. Portions of plaintiff's statement of claim, fully alleging the facts of Koontz's relation to Messer and the company and that he was acting as the servant of each at the time of the accident, were offered and admitted in evidence, as required by the doctrine of Buehler v. U. S. Fashion Plate Co., 269 Pa. 428. Therefore, under section 13 of the Practice Act of May 14, 1915, P. L. 483, the averments of the statement of claim setting forth Koontz's employment by each of the appellants and that he was acting in the course of his employment at the time of the accident must be taken to be admitted: see Loper v. P. G. Publishing Co., 312 Pa. 580. Indeed, counsel for appellants stated at the trial: "We admit the agency and the ownership of the instrumentality in this case." In any event, we are satisfied that the averments of the statement of claim, as substantiated by the evidence, were sufficient to show a master-servant relation between Koontz and each of the appellants, and action within the scope of the employment for both. Koontz was, on the

one hand, instructed by Messer to use the car in the furtherance of the latter's personal business, and, on the other hand, directed by Messer, in his capacity as president of the company, to use it for company purposes and on company business. The return trip was therefore undoubtedly in the course of his service to and employment by each of the appellants. That a servant of two masters may be acting within the scope of his employment by each at the same instant and in the performance of the same act, and may thereby make both liable, is clear, where both have a right of control over the servant, even though the masters are not joint employers and their purposes do not coincide: Gordon v. Byers Motor Car Co., 309 Pa. 453; see Lang v. Hanlon, 302 Pa. 173, 178; Restatement, Agency, section 226. The cases cited by appellants, in which a servant is lent to another for a particular employment and the right of control in that employment is relinquished to the borrower, are clearly not in point.

(3) The chief argument advanced by appellants is that, since plaintiff could not sue Koontz, who is her husband, she cannot sue his masters. Their claim is that the master's liability is a derivative one, and that, because the master is ordinarily not liable where the servant is not liable, appellants are protected by the immunity of their servant Koontz. It must be conceded that some courts have held a wife barred against her husband's master in similar situations: Maine v. Maine & Sons Co., 198 Ia. 1278; Sacknoff v. Sacknoff, 131 Me. 280; Riser v. Riser, 240 Mich. 402; Emerson v. Western Seed & Irrigation Co., 116 Neb. 180. We are convinced, however, that the better rule is that established in the contrary group of cases. Following the lead of Schubert v. Schubert Wagon Co., 249 N. Y. 253, other authorities have concluded that the marital immunity of the husband may not be claimed by the master, who may therefore be liable to the wife of the negligent servant: Poulin v. Graham, 102 Vt. 307; Hensel v. Hensel Yellow Cab

Co., 209 Wis. 489; Metropolitan Life Ins. Co. v. Huff, 48 Ohio App. 412; see Chase v. New Haven Waste Material Corp., 111 Conn. 377, 382; McLaurin v. McLaurin Furniture Co., 166 Miss. 180, 191; Restatement, Agency, section 217, comment b. Although his wife may be injured thereby, the negligent act of the servant is nonetheless wrongful, and the personal immunity which protects him is based simply upon the policy of preserving domestic peace and felicity. Clearly, that immunity ought not to extend to the master. As was well said by Mr. Justice CARDOZO, then Chief Judge of the Court of Appeals of New York, in Schubert v. Schubert Wagon Co., supra, at page 256: "An employer commits a trespass by the hand of his servant upon the person of another. The act, let it be assumed, is within the scope either of an express mandate or of an implied one. In either event, if the trespass is not justified, he is brought under a distinct and independent liability, a liability all his own. The statement sometimes made that it is derivative and secondary means this and nothing more, that at times the fault of the actor will fix the quality of the act. Illegality established, liability ensues. The defendant, to make out a defense, is thus driven to maintain that the act, however negligent, was none the less lawful because committed by a husband upon the person of his wife. This is to pervert the meaning and effect of the disability that has its origin in marital identity. A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity."

Nor is plaintiff barred by the presence of her husband in the case as additional defendant under the writ of scire facias. We have stated in Vinnacombe v. Phila., 297 Pa. 564, at page 569, and have reasserted in First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92, at page 95, that nothing in the Act of April 10, 1929, P. L. 479, "shows the slightest intention to affect plaintiffs in such

suits. . . . As to them the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named." Plaintiff has had and could have no recovery against her husband, although the latter is joined as additional defendant. Her suit against the original defendants, however, remains unaffected.

An analogy to the present case is to be found in the situation in which an unemancipated minor is permitted to recover against the master for the negligence of its parent, a servant of the master: Chase v. New Haven Waste Material Corp.,[1] supra. In Briggs v. Phila., 112 Pa. Superior Ct. 50, it was pointed out that a large body of decisional authority forbade suits for personal injuries by a child against its parent, on the ground that such a suit would disrupt domestic harmony.[2] It was nevertheless held that a minor child could recover against the city for injuries due to a defective foot pavement in front of property of which her father was tenant, although her father was in turn held liable over to

---

[1] In that case Chief Justice WHEELER said: "Public policy may exempt the husband or parent from an action by the wife or child directly against him for his negligent act. There is no rule of law and no public policy which would exempt the employer. The two actions are totally dissimilar as we have earlier stated. The argument rests upon the fallacious assumption that since the employer has an action over against his employee it will merely result in the employee paying back to him the recovery from employer less the expenses of the litigation. The recovery for the wrong done the wife or child by the employer does not belong to the husband or father but to the wife or child. The recovery by the employer from his employee will diminish his own property, it will not in the eye of the law diminish the property belonging to his wife or child."

[2] In Duffy v. Duffy, 117 Pa. Superior Ct. 500, it was conversely held that an unemancipated minor was not liable to its parent for injuries resulting from its negligent acts. For a comprehensive discussion of the problem, see McCurdy, "Torts between Persons in Domestic Relation," 43 Harvard Law Review 1030.

the city in the same proceeding.[3] Similarly, in the case before us, plaintiff's recovery against appellants is in no way barred by the fact that her husband is liable over to them.

Numerous trial errors are alleged by appellants as grounds for a new trial. A careful examination of the alleged errors has satisfied us that the errors, if any, are trifling and not prejudicial, and that appellants have disclosed no grounds sufficient to entitle them to a retrial of the case. We need consider only the claim that the court below erred in permitting plaintiff to testify. The argument is that to admit plaintiff's testimony was to permit her to testify against her husband, in violation of clause (c) of section 5 of the Act of May 23, 1887, P. L. 158. But, in the first place, it is clear that plaintiff was not rendered incompetent by the fact that her husband was made an additional defendant by the writ of scire facias—as, indeed, appellants in substance admit. In Niebauer v. Schultz, 318 Pa. 266, we held, in affirming the judgment of the Superior Court on its opinion, that the competency of a witness to testify in an action against the administrator of a decedent's estate was not affected by the witness having been made an additional defendant under a scire facias writ. In this respect plaintiff's suit against appellants must be regarded as altogether distinct from and undisturbed by their suit against her husband. Nor can it be successfully contended that plaintiff's testimony was against her husband's interests. Her testimony was primarily concerned with arrangements made for the trip, details of the trip before the accident, and the development of her own condition afterwards. In no way did she testify to

---

[3] On appeal by the owner of the property, named as an additional defendant along with plaintiff's father in the writ of scire facias, the judgment of the Superior Court was reversed by this court (316 Pa. 48) to the extent that the owner was held not liable, on the ground of no proper notice to it. No other party appealed.

her husband's negligence or to facts indicating negligence on his part. Here again, the rule invoked by appellants is based upon a policy of preserving the family peace. But we are not convinced that the admission of the testimony would be destructive of that peace. To hold the testimony inadmissible would be to seal a victim's lips completely in any case in which liability over to the defendant on the part of the victim's spouse, or any other party against whom the victim is incompetent to testify, is involved.

Appellants finally complain that the verdict is excessive. This complaint is, we think, well founded. The jury awarded plantiff $25,875. This amount, if invested at the legal rate of interest, would provide plaintiff with an income of over $1,500 a year for the rest of her life, without depleting the principal. No claim was made for loss of earnings or earning power, and, in the absence of evidence of the amount of hospital and other medical expenses, the jury were properly instructed that plaintiff was not entitled to recover therefor. The verdict accordingly represents only compensation for pain, suffering and disability. The evidence undoubtedly discloses that plaintiff has suffered a great deal, and that her disability is to some extent permanent. Under the circumstances, however, we are of the opinion that the verdict was inordinately large, and indicated an abuse of power by the jury. While we are reluctant to interfere with a jury's award which has been sustained by the trial court, we will do so where the verdict grossly exceeds the amount to which the plaintiff is justly entitled: Wilson v. Consolidated Dressed Beef Co., 295 Pa. 168; Thirkell v. Equitable Gas Co., 307 Pa. 377; Alio v. P. R. R. Co., 312 Pa. 453. We think that $15,000 is the largest amount which can be supported as not excessive.

The judgment of the court below, entered upon the verdict in plaintiff's favor for $25,875, is modified by the reduction thereof to $15,000, and as so modified it is affirmed.