## Turner v. Atlantic Refining Company et al.

*David J. Smyth,* for petitioner..
*Axelroth & Porteous,* contra.

MacNeille, J., November 5, 1936.—This is a motion of an additional defendant attacking the jurisdiction of this court sought to be acquired through the Scire Facias Act of April 10, 1929, P. L. 479, and its supplements and amendments.

Plaintiffs, residents of Delaware County, bring this suit in trespass against the original defendant in Philadelphia County. In their statement of claim they allege that the minor plaintiff was struck by an automobile truck which was operated negligently in Delaware County by the agent of the original defendant. The original defendant issued a sci. fa. to bring in the traction company as additional defendant, charging the additional defendant was negligent inasmuch as the child which was injured had been discharged from the additional defendant's trolley car at a point of danger. The sci. fa. so issued was served on the additional defendant by the

Sheriff of Delaware County, who had been deputized by the Sheriff of Philadelphia County.

The additional defendant is engaged exclusively in transporting passengers by means of electric cars; it has never maintained an office, or owned property, or conducted business, or exercised any franchises in Philadelphia County.

We think that the situation is similar to that in the case of Heaney v. Mauch Chunk Borough et al., 322 Pa. 487. In that case the Borough of Mauch Chunk, in Carbon County, was sued in that county because of negligent maintenance of a sidewalk. The defendant brought in as additional defendant under the Scire Facias Act of April 10, 1929, supra, as amended, H. S. Shafer, a resident of Northampton County, who was served in that county by deputization. He (Shafer) attacked the validity of the service, and the lower court ruled against him. On appeal, the Supreme Court reversed, saying that the court below did not acquire jurisdiction over the additional defendant, and the Supreme Court ordered such service stricken off.

The Scire Facias Act of April 10, 1929, supra, made no provision for service. The Act of June 22, 1931, P. L. 663, gave defendant the same right of service upon an added defendant as plaintiff has. The Act of May 18, 1933, P. L. 807, embodied the features of the Act of 1931, supra, and reads:

"That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued; and such original defendant shall have the same rights in securing service of said writ as the plaintiff in the proceedings had for service of process in said cause. Where it shall appear that service of said writ on an added defendant cannot

be obtained in the county wherein the action was instituted, service of such writ may be made by the sheriff of the county in which the action was instituted deputizing the sheriff of the county wherein such added defendant resides or where service may be had upon him under the existing laws of this Commonwealth in like manner as process may now be served in the proper county."

Under the common law process must be served personally within the jurisdiction of the court in which the action was commenced upon the person to be affected thereby. This rule prevails unless the statute definitely manifests that a different method as to service has been promulgated by the legislature.

Having these principles in mind, we examined Gossard v. Gossard et al., 319 Pa. 129. This case decided that under the Act of May 18, 1933, supra, amending the Scire Facias Act of April 10, 1929, supra, as amended by the Act of June 22, 1931, supra, no matter in what county an action for damages resulting from the use of an automobile is brought, an original defendant may bring in as additional defendant anyone who it is claimed is liable on the cause of action declared on wherever he might be found in the State.

The court, speaking by Mr. Justice Kephart, said, at page 133:

"While at first blush this would seem to give the defendant a greater right to introduce an additional defendant than the plaintiff has to make a person a defendant, analysis demonstrates this is not so under the circumstances here present, since the action is for damages resulting from the use of an automobile."

The court also said:

". . . keeping in mind the purpose of the Sci. Fa. Act as applied to this class of litigation, a plaintiff should not be permitted to deprive a defendant of a right which it was the obvious purpose of the act to give him. Having in mind the legislative purpose and construing the act in question, we hold that, no matter in what county

an action for damages resulting from the use of an automobile is brought, the amendment of 1933 to the Sci. Fa. Act in express terms empowered an original defendant to bring in as an additional defendant anyone who it is claimed *is liable on the cause of action declared on*, wherever he might be found in the State." (Italics ours.)

The opinion further said:

". . . at common law jurisdiction of a suit against a person for a personal tort is transitory, extending over the State. Any court has jurisdiction of the subject-matter and may entertain such action if jurisdiction of the person of the defendant in such cases can be had by a service of process on him in the county where the action was instituted. And in this type of case—automobile accidents—it has been determined that the legislature may within the Constitution extend the jurisdiction of the court over the person of a defendant where he may be found within the State, if the suit is brought in the county where the cause of action arose".

Having examined the decision in Gossard v. Gossard, supra, and having compared it to Heaney v. Mauch Chunk Borough et al., supra, we note that a distinction was made between the two cases. The Gossard case was based upon an automobile accident and The Vehicle Code of May 1, 1929, P. L. 905, as amended, gives the right to extra-territorial service. But, in the Heaney case, it was for injuries sustained because of a defective sidewalk, and the Supreme Court concluded that the court below did not acquire jurisdiction over such an additional defendant.

In the instant case, if it were clear that the original defendant was attempting to bring in as an additional defendant one who it is claimed is liable on the cause of action declared on by plaintiffs, the situation would be affected by The Vehicle Code and the service would be good, but the cause of action declared on by plaintiffs is based on the claim that the accident was caused by de-

fendant's truck and defendant claims that the accident was caused by the so-called additional defendant's trolley car which ran on rails. If plaintiff attempted to sue as original defendant the trolley company, on the cause of action asserted against it, it could not serve its process by reason of anything in The Vehicle Code, because a trolley car is not comprehended by the act: Mars v. P. R. T. Co., 303 Pa. 80. The definition of vehicles contained in The Vehicle Code of May 1, 1929, P. L. 905, as amended, specifically excludes vehicles "upon stationary rails or tracks".

Since plaintiffs could not sue the trolley company in Philadelphia County on the cause of action asserted against it in this proceeding, neither can defendant. In Heaney v. Mauch Chunk Borough et al., supra, the court said:

"To extend the Act of 1933 would give to the original defendant rights not possessed by any plaintiff and is without justification. The words 'the same right in securing service' as possessed by the plaintiff, while not defined or explained, clearly have some meaning and when matched with the concluding part of the act shows that the plain purpose of the legislature was to secure to a defendant the statutory right to service by deputization possessed by plaintiff under section 1208 of the Vehicle Code. That this is the logical and only purpose of this amendment cannot be doubted. We would violate all the above rules of construction if we were to impute to the legislature an intent to give defendants greater rights to service than those possessed by plaintiffs. We would offend the very words of the act which give only 'the same right in securing service' as possessed by the plaintiff. These words must be entirely disregarded to hold as appellee contends. The reasons for restricting such rights apply alike to plaintiff and defendant. The legislature did not intend to invest defendants with unlimited rights of service, affording them opportunity to work great

hardship and at the same time limit the right of plaintiffs."

In all proceedings under the sci. fa. acts there are really two cases to be tried. Although tried by the same jury and the same evidence, they are as distinct as if made the subject of separate suits: Vinnacombe et ux. v. Philadelphia & American Stores Co. et al., 297 Pa. 564; First National Bank of Pittsburgh v. Baird, 300 Pa. 92; Koontz v. Messer et al., 320 Pa. 487; Fisher v. Yellow Cab Co., 16 D. & C. 251. Being distinct actions, it is difficult to see how an action based upon the negligent operation of a trolley car against the additional defendant can be transformed into one involving a motor vehicle just because the original action between plaintiff and defendant involved a motor vehicle.

Except as specifically modified by statute, the common-law rule as to suits against corporations is still the general rule in Pennsylvania, and under it no suit is authorized against a corporation except in a county where the corporate property is in whole or in part situated or where it transacts a substantial part of its business; and statutes dealing with the service of process do not change this rule: Park Brothers & Co. v. Oil City Boiler Works, 204 Pa. 453; Gengenbach v. Willow Grove Park Co., 280 Pa. 278; Mazurek v. Farmers' Mutual Fire Insurance Company of Jamestown, 320 Pa. 33.

Therefore, this court did not acquire jurisdiction over the additional defendant, and the rule raising the question as to jurisdiction of this court over it is made absolute and sustained. This may be done because defendant has proceeded in accordance with the Act of March 5, 1925, P. L. 23, asking that the question be preliminarily determined by the court upon the pleading. Such proceeding is deemed de bene esse only and does not operate as a general appearance.