## Shoyer v. Shoyer

*Andrew C. Dana*, for plaintiff.

*Michael A. Foley*, for defendant.

OLIVER, P. J., November 6, 1939.—Plaintiff in this case brought an action against her husband to recover damages for personal injuries alleged to have been sustained by her on August 12, 1937, while she was a passenger in an automobile operated by him. In paragraph 2 of the statement of claim, there is an averment that plaintiff is, and at the time of the alleged accident was, the wife of defendant. An affidavit of defense was filed raising as a question of law the right of the wife under such circumstances to maintain an action against her husband.

Defendant relies on section 3 of the Act of June 8, 1893, P. L. 344, as amended by section 1 of the Act of March 27, 1913, P. L. 14, 48 PS §111, which provides as follows:

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property; nor may she be arrested or imprisoned for her torts."

Plaintiff contends that the phrase "her separate property", as used in the above act, is broad enough to include a claim for personal injuries, and, secondly, that the personal immunity which protects the husband is based upon the policy of preserving domestic peace and felicity and that, as the real defendant in the present case is the company which insured the husband, the wife's suit could not possibly disrupt the domestic harmony, and, therefore, the general rule should not be adhered to because the reason for the rule is nonexistent in this case.

In support of his first contention, plaintiff relies on the theory that the term "property", for the protection or recovery whereof a wife is empowered to sue, is legally a nomen generalissimum which, unless restricted by the context or by necessary implication, embraces every form of property right, physical or material, tangible or incorporeal. Several broad definitions of the word "property" by the Supreme Court of the United States are cited in support of that theory. However, this argument overlooks the fact that, if the Pennsylvania act above quoted is to be given any meaning at all, its language necessarily restricts the meaning of the word "property". The definition of "property" contended for by plaintiff is so broad it would virtually nullify the obvious intent that, generally speaking, a wife may not sue her husband.

See also Miller v. Miller, 44 Pa. 170, Smith v. Smith, 14 D. & C. 466 (1930), and Cardamone v. Cardamone, 9 D. & C. 723 (1927), which expressly rule against plaintiff's claim.

In support of his second contention, plaintiff relies upon Koontz v. Messer et al., 320 Pa. 487, Kaczorowski v. Kalkosinski, Admr., 321 Pa. 438, and Rozell, etc., v. Rozell, etc., 281 N. Y. 106. But none of these cases would justify this court in ignoring the plain provisions of the Act of 1913.

In the Koontz case, the wife brought suit in trespass against the employer of her husband for damages sustained as the result of the negligence of her husband in the course of his employment. Defendant issued a sci. fa., bringing in the husband as an additional defendant, on the ground that the husband was liable over to his employer for the cause of action declared on. It was contended by defendant that, since plaintiff could not sue her husband, she could not sue his employer, but the Supreme Court held that the immunity given to a husband does not extend to his master, because the trespass did not cease to be an unlawful act, even though the law exempts the husband from liability for the damage. The master could not hide behind the skirts of the husband's immunity. The court, however, clearly recognized that plaintiff could have no recovery against her husband.

In the Kaczorowski case, Mr. Chief Justice Kephart stated (p. 442) :

"Appellant has devoted much of his brief in an attempt to show that the common law prohibition upon suits between spouses has been abrogated in this jurisdiction by the various Married Women's Acts, but, after a careful survey of these statutes, we are convinced that so far as actions for personal torts are concerned such disability has not been removed. Two reasons suggest themselves as barring such actions at common law. The first is founded on the principle of unity of husband and wife. 'By marriage, the husband and wife are one person in law: that is, the very being or legal existence of a person is suspended during a marriage': *Blackstone* (Lewis's Ed.) 442. At common law a married woman had no causes of action or property of her own. All causes of

action which accrued to her had to be brought on her behalf by her husband. Difficulties presented themselves therefore when the wife sought to sue the husband for a tort committed by him upon her. In the first instance it was impossible to secure a plaintiff without having the same party as defendant. The second difficulty was that any damages recovered passed immediately from the defendant husband to the plaintiff husband. With the emancipation of the wife and her separate control over her property and actions, there has grown up a more compelling theory to account for the continued prohibition upon suits for personal torts between husband and wife which, in large degree, has superseded the reason of fictional unity of husband and wife. That reason is as stated in *Koontz v. Messer & Quaker State Oil Refining Co.*, supra: 'The personal immunity which protects him [the husband] is based simply upon the plea of preserving peace and felicity.' " The court further said (p. 443):

"The fictional unity of husband and wife does not apply here as the parties suing are neither husband nor wife, but a parent asserting an independent right for the loss sustained by him alone. Any damages coming from the husband would not return to the husband as they would in a suit between living spouse[s] at early common law. These damages compensate the parent for a loss suffered peculiarly by him.

"The second reason for prohibiting suits between spouses disappears entirely in a suit by a parent under a death statute."

The Kaczorowski case, therefore, clearly recognized the disability of a wife to sue on her husband's tort, even though it permitted suit by a parent.

In the Rozell case, the Court of Appeals of New York permitted recovery in a suit brought for personal injuries by an unemancipated minor against his own minor sister. The court pointed out that the modern family differs in many ways from the family of ancient times, and also called attention to the fact that insurance as pro-

tection to automobile drivers is now a matter of common knowledge, and suggested that (p. 113) "We cannot bury our heads in the sand and ignore the new tendencies and conditions so notorious." It reached the conclusion that the peace and felicity of the modern family are not likely to be jeopardized by permitting suits to be brought by one member of a family as against another. However, a reading of the New York case shows that the court was not faced with a positive statutory prohibition which made the suit improper. In its opinion the court states (p. 109) :

". . . the defendant asserts that the action is not maintainable because public policy forbids. Neither the Constitution, statutes nor judicial decisions of the State directly or by fair implication declare any State policy against which the maintenance of such an action offends."

We may agree with plaintiff's contention that, in the present case, the domestic peace and felicity of the husband and wife might be enhanced if she were permitted to proceed with her action and recover a substantial verdict which an insurance company would have to pay. The family unit might obviously be enriched and, therefore, pleased by such litigation. It may well be that, in such cases, the reason for the statutory rule has either disappeared or is rapidly disappearing. However, in view of the fact that in this State there is an express statutory provision that a wife "may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property", that is a matter for the legislature to pass upon and not for the courts. Whatever our personal views may be as to the weakening or disappearance of the reason upon which that prohibition was founded, we are nonetheless bound to respect the terms of the statute until the legislature sees fit to change them.

Subsequent to the hearing of argument on the question of law raised by defendant's affidavit of defense, plaintiff called our attention to the case of Minkin et al. v. Minkin,

336 Pa. 49, decided by our Supreme Court on July 3, 1939. In that case it was held that, under our wrongful death statutes, a minor can maintain action against his mother for death of the minor's father, allegedly resulting from the mother's negligent operation of an automobile, and that the mother, under the statute, should bring the suit in a representative capacity. Defendant contended that public policy prohibited the bringing of the suit. Mr. Justice Linn in the majority opinion said (p. 51) :

"The purpose of the legislation was to provide for the recovery of compensation for loss for which the common law furnished no redress. In creating the new right the legislature designated the members of the family who should share in the compensation recoverable: 'and the sum recovered shall go to them [widow and children] in the proportion they would take [the father's] personal estate in case of intestacy, and that without liability to creditors. . . .' On the face of the statutes, then, the plaintiff, a minor child of the deceased father, is entitled to the shares specified. The legislature made no exceptions, such as defendant would imply, to the effect that the child shall be deprived of the benefit of the statute when the surviving parent is the tortfeasor, or if the suit conflicts with a rule at times theretofore prohibiting suits disruptive of the family relation. The words of the conjectured exception are not found in the statute, and as it is complete without them, we are not authorized to add them.

"The legislation was a declaration of public policy on the subject and necessarily displaced any policy to the contrary, if, in fact, it existed."

In the Minkin case, therefore, the statute permitted the bringing of the action, while in the present case the statute expressly forbids it. In the Minkin case, the court held that the statute is controlling, which is the conclusion we have reached in the case before us. Because of the difference in the terms of the two statutes, however, the

action was maintainable in the Minkin case but is not maintainable in the present case.

And now, November 6, 1939, defendant's affidavit of defense raising questions of law is sustained and judgment is directed to be entered in favor of defendant.