## Benson et al. v. Shenango Valley Transportation Co.

*Alvah M. Shumaker*, for plaintiffs.

*Chambers, Chambers & O'Neill*, for defendant.

BRAHAM, P. J., March 12, 1948.—In this action of trespass brought on behalf of six plaintiffs there is before us a petition for severance of the case of one plaintiff in order that she may be made an additional defendant. The basis of the whole suit is the allegation that defendant's bus driver stopped his bus too quickly and caused the automobile driven by Ethel E. Benson, which was following, to be deflected from its course and to strike a tree. Helen Benson, Caroline Benson and Donald Benson, Jr., were riding as guests in the automobile and are alleged to have been injured. George Benson, the husband of Ethel Benson; Donald Benson, the husband of Caroline Benson, and Donald and Caroline Benson, the parents of Donald Benson, Jr., a minor, appear as parties to recover the damages alleged to have been suffered by them as husbands of the female plaintiffs or as parents of the minor, respectively.

The severance of Ethel Benson as party plaintiff is sought by defendant in order that she may be joined

as an additional defendant. The six plaintiffs have joined in their action pursuant to Pa. R. C. P. 2229(a). Defendant seeks to join Ethel Benson as additional defendant pursuant to Pa. R. C. P. 2252(a). This rule allows joinder only "of any person not a party to the action".

The policy of the law which allows defendant to litigate in the main action his contention that a third person is wholly or partially liable to plaintiff or liable over to defendant for the cause of action complained of sometimes conflicts with the general policy of the law against undue confusion of issues. This happens when the person sought to be made an additional defendant is already a plaintiff. This difficulty is avoided by severing the trial in which the proposed additional defendant is a plaintiff. In the separate action the parties may fight it out by claim and defense or by claim and counterclaim, leaving the charges of sole, joint or secondary liability of the additional defendant to be litigated in the remaining consolidated action.

Severance of actions for this purpose has been common: Stokes et al. v. Giarraputo & Son, No. 1, 42 D. & C. 161; Judge et al. v. Lang, 43 D. & C. 511; Sweitzer et al. v. Erie Coach Co. et al., 44 D. & C. 328; Freihofer Baking Co. et al. v. Collins, etc., 43 D. & C. 485; Swope et al. v. Costello, 47 D. & C. 696. Severance has been granted even when the result is to sunder the actions of husband and wife for injuries to the wife; Langman et al. v. Spaulding Bakeries, Inc., 48 D. & C. 192; Norton et ux. v. Regan et al., 52 D. & C. 354.

It has been argued that severance should not be granted where the result would be to array husband and wife on opposite sides of a case but this contention is effectively answered by the opinion in Koontz v. Messer et al., 320 Pa. 487. The reason is that although the wife may not recover from her husband

for her personal injuries defendant may have a right of contribution against him: Fisher v. Diehl, 156 Pa. Superior Ct. 476; Goldstein et al. v. Yellow Cab Co. et al., 44 D. & C. 560.

This leads to the only unique feature of the case before us. In addition to the personal injuries to Ethel Benson she and her husband, George Benson, have declared upon damage to their automobile which was owned by them as tenants by the entireties. How, it is suggested, can such an action be severed? Severance in any case is in the discretion of the court. Here choice must be made between the interests to be served. The amounts claimed for personal injuries affect more persons and are declared to be substantially larger than the amount claimed for damage to the vehicle. Accordingly severance should be allowed.

The claim for damage to the automobile will occasion no difficulty. It has been the law since Fairchild v. Chastelleux, 1 Pa. 176, decided in 1845, that one of two tenants to real estate held by the entireties may bring an action for damage to it, a position substantially reaffirmed in Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476. Defendant in its brief admits: "Here defendant itself seeks the severance for the purpose of protecting itself. To assert that defendant may request that the joint claim for damages to the entireties property be severed and at the same time plead nonjoinder of necessary parties would appear in good law and common sense grotesque. The proceeds of the recovery merely become impressed with the character and estate of the entire property, and are held to the use of both spouses."

In any event we may by special finding take care of the peculiar nature of the property rights in the automobile: Procedural Rule 2257. The damages to the automobile may remain as a part of the case of Ethel Benson because that is the way the parties have declared upon it.

Entertaining these views we make the following

*Order*

Now, March 12, 1948, the rule granted on January 5, 1948, is made absolute and severance of the case of Ethel E. Benson v. Shenango Valley Transportation Company, a corporation, is decreed and defendant is permitted to join Ethel E. Benson as additional defendant in the remaining action.