Samuel W. DE MAREE, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation of the Commonwealth of Pennsylvania, Defendant and Third-Party Plaintiff,

Brann & Stuart Company, a corporation of the Commonwealth of Pennsylvania, Third-Party Defendant.

Civ. A. No. 1589.

United States District Court
D. Delaware.

Dec. 12, 1956.

Aubrey B. Lank (of Logan, Marvel Boggs & Theisen), Wilmington, Del., and Sabato M. Bendiner, Philadelphia, Pa., for plaintiff.

James L. Latchum (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a diversity case and the present questions arise from the defendant railroad's motion for summary judgment and for dismissal of the first count of the complaint.

The action is a result of an accident happening at Marcus Hook, Pennsylvania on January 30, 1953. The first count is based upon the Federal Employers' Liability Act.[1]

The facts generally are these:

The defendant, Pennsylvania Railroad Company, is a common carrier engaged in interstate commerce in operating a railroad through Marcus Hook, Pennsylvania. The plaintiff claims that he sustained personal injuries while an employee of the railroad due to the company's negligence. At the time of the accident, the defendant, in connection with the operation of its railroad, maintained high tension electric lines on the underside of a bridge which cross the railroad's tracks. The plaintiff was employed by Brann & Stuart Company as an iron worker and Brann & Stuart Company was repairing the overhead bridge, in accordance with a contract entered into between it and the defendant railroad

---

1. Act of April 22, 1908, C. 149, Sec. 1, 35 Statutes 65 and Amendments and Supplements thereto, being 45 U.S.C.A. § 51 et seq.

company. During the course of the plaintiff's employment with Brann & Stuart, he was using an acetylene torch to burn steel plates from the underside of the bridge.

The complaint alleges that to facilitate the repair and maintenance work on the bridge, the defendant railroad company employed and maintained a "safety man" to direct, control and supervise the work then and there being done by the plaintiff and others working with him, it being the duty of the "safety man" to control the proximity of such work with the relation to the high tension electric lines maintained by the defendant and to have the current carried therein or thereby cut off whenever he deemed it necessary or advisable, so that the work being done by the plaintiff and those working with him could be performed in safety to the plaintiff and those working with him, as well as for the maintenance of the operations and the safety of the interstate traffic passing under the said bridge.

The complaint alleges that while the plaintiff was so engaged he was under the control and supervision of the defendant's "safety man" with regard to the place, manner and means of performing his work. It is alleged that while the plaintiff was working and burning said plates for removal from the underside of the truss of said steel bridge, the defendant company's "safety man" directed, permitted and negligently allowed the plaintiff to do said work within approximately one foot of the high tension electric lines then being highly charged with current and as a result of said negligence, the current from defendant's lines "arced" to the acetylene torch being used by the plaintiff thereby causing him to be burned and resulting in the severe injuries for which the action is brought.

The accident happened January 30, 1953. The complaint in the present case was filed January 8, 1954. On January 29, 1954 the plaintiff also filed a claim with the Bureau of Workmen's Compensation of the State of Pennsylvania. In this claim the plaintiff alleged that his employer at the time of the accident was Brann & Stuart Co. The claim was referred to a referee and subsequently the parties adjusted the matter of compensation and the referee approved the settlement, and on March 1, 1956 the compensation case was closed.

Upon the above facts the present motion for summary judgment is made.

■ It is insisted that, in order to have a valid claim for injuries under 45 U.S.C.A. § 51, such injured person must be an "employee" of the railroad company concerned with the accident and engaged in interstate commerce. Such seems to be the universal law. It is also insisted by the defendant that the injured person is estopped from claiming that he was an employee of the railroad company at the time of the accident because of his previous claim and acceptance of Pennsylvania Workmen's Compensation as the employee of Brann & Stuart Co. at the time of the accident. That the plaintiff did claim compensation under the Pennsylvania Bureau of Workmen's Compensation as the employee of Brann & Stuart Co. seems clear. It is equally clear that as the employee of Brann & Stuart the plaintiff reached an agreement with Brann & Stuart's insurance carrier for compensation and that this amount and the settlement of the claim for Workmen's Compensation was approved by the Bureau of Workmen's Compensation.

It being conceded that at the time of the accident the plaintiff was an employee of Brann & Stuart Co., the question remains whether at the same time the plaintiff under all the facts was also an employee of the railroad company within the meaning of the Federal Employers' Liability Act, 45 U.S.C.A. § 51.

■ In Cimorelli v. New York Central R. Co., 148 F.2d 575, 577, the Sixth Circuit graphically drew attention to the fact that there is no more difficult or uncertain field of precise law than of determining when one person may be considered the employee of another where his contract of employment is not directly made with such person. The cited case

holds, and I think correctly holds, that each case must be decided on its own peculiar facts and ordinarily no one feature of the relationship of employer and employee is determinative.

The motion of the defendant and the plaintiff having claimed that he was, at the time of the accident, an employee of Brann & Stuart Co. is estopped from claiming that he was the employee of the defendant railroad company is succintly based upon the proposition that a person at a given time may not be the servant of two masters.

In the Restatement of the Law of Agency, Vol. 1, Sec. 226 is said:

"A person may be the servant of two masters, not joint employers, at one time as to one act, provided that the service to one does not involve abandonment of the service to the other."

■ This is a diversity case and the accident happened in Pennsylvania and Pennsylvania law is peculiarly applicable. In Pennsylvania it is clearly stated that in appropriate circumstances a servant may have two masters and each may have liability.[2]

■ The word "employee", as used in the Federal Employers' Liability Act,[3] is to be construed in its natural sense and describes the conventional relationship of employer and employee.[4]

■ Among the most important attributes of the conventional relationship of employer and employee is a measure of control not only of the result of the work but also of the means and manner of per-

formance.[5] It means a power of control, not necessarily the exercise of the power.[6]

■ In the complaint it is specifically alleged that at the time and place of the accident the plaintiff was engaged in the course of his employment under the control and supervision of the defendant railroad's "safety man" with regard to the place, manner and means of performing the work. These allegations for the purpose of determining a motion for summary judgment or to dismiss the first count of the complaint must be taken to be true.

■ I am of the opinion that the mere fact that the plaintiff in a different proceeding, viz., the Pennsylvania compensation proceeding, stated that he was at the time and place of the accident the employee of Brann & Stuart Co. does not estop him from also alleging that at the time and place of the accident he was also under the control and supervision of the agent of the defendant railroad company.

■ The question of control of the activities of a given person at a given time is not always easy to determine and may involve many facts and inferences. Full dominion or control involving the right to hire and discharge is clearly not essential and the measure of control is a question of fact which, under proper allegations and instructions, must be determined by a jury.

The motion for summary judgment and to dismiss the first count of the complaint must be denied. An appropriate order may be submitted.

2. Gordon v. S. M. Byers Motor Car Co., 309 Pa. 453, 164 A. 334; Koontz v. Messer, 320 Pa. 487, 181 A. 792, 794; Kimble v. Wilson, 352 Pa. 275, 42 A.2d 526, 531.

3. 45 U.S.C.A. § 51.

4. Hull v. Philadelphia & R. R. Co., 252 U.S. 475, 40 S.Ct. 358, 64 L.Ed. 670.

5. Cimorelli v. New York Central R. Co., 6 Cir., 148 F.2d 575; See also Restatement "Agency", Sec. 220.

6. Gordon v. S. M. Byers Motor Car Co., 309 Pa. 453, 164 A. 334.