## Bartosiewicz v. Verhovay Fraternal Insurance Assn. of Rural Valley, Pa., Branch 88

6

*Ward McCullough, Roy A. House, Jr.,* and *David C. Suckling,* for plaintiffs.

*Harvey H. Heilman, Jr.,* and *James D. McClister,* for defendant.

GRAFF, P. J., June 20, 1959.—Plaintiffs instituted this action of trespass to recover damages alleged to have been sustained as the result of negligence of defendant association in conducting its clubroom in Rural Valley Borough, this county, in which the woman plaintiff was injured. Defendant contends that plaintiffs cannot maintain this action for the reason that the man plaintiff was a member of defendant unincorporated association, in that he was a social member of the association. By agreement, testimony was taken, upon which, together with the pleadings in the case, it was agreed that the ability to maintain the action should be determined preliminarily. No formal motion was filed, as suggested by the court. However, we will consider the matter as if a motion had been made by defendant for judgment upon the pleadings.

Defendant was an unincorporated association, operating a club upon its premises in Rural Valley Borough upon October 31, 1954. The association had secured a license for the dispensing of foods and alcoholic beverages from the State of Pennsylvania. The woman

plaintiff was injured in a disurbance in the clubroom upon this evening, and we are not now concerned with how or in what manner such injury arose. The man plaintiff was not present at this time, but was, however, a social member of the association. It is first necessary to determine the exact status or meaning of "social member" from the pleadings and testimony.

The premises in which the club was operated were owned by defendant association. The steward and employes necessary to conduct the affairs of the club were hired by the officers of defendant. The bylaws of the association with reference to social members provide, in part, as follows:

"Any man or woman who has reached the age of twenty-one years, regardless of nationality or religion, belonging to the white race and who desires to take part in the social and cultural activities of the association, may be admitted to social membership in the association.

"Each Branch which has social members shall pass a resolution, not contrary to the laws of the State, as to what amount of monthly membership dues shall be paid by each member to the Branch. . . .

"Social members shall have the right to vote only in social and entertaining matters.

"Social members cannot be elected to any Branch office which involves the handling of funds or financial matters."

The other class of membership in the association is termed "beneficial". It is by these members that the officers in the branch are elected, and no social member is eligible to any office in the branch which handles funds or financial matters. Clearly the operation of the club does involve the handling of funds, and also concerns financial matters. The secretary of the association testified that the club was under the super-

vision of the officers, who employed any help necessary to conduct the operation.

We recognize the well settled principle of law that a member of an unincorporated association, who actively participates in an association project, may not recover from it for injuries sustained by him through a tort committed by other members in carrying out the project: De Villars v. Hessler, 363 Pa. 498.

The reason for this rule is stated in this case as follows:

"Where persons join in the prosecution of a common enterprise, there is thereby created a mutual relationship of agency among them, with the result that the negligence of any of them is imputed to each and all of them." (Syllabus.)

In Roschmann v. Sanborn, 315 Pa. 188, it was held that a member of an unincorporated fraternal association who participated in a social excursion in a bus owned by the corporation and operated by one of the members could not maintain an action against the organization, for the reason that the outing was a joint enterprise and the negligence of the driver of the bus was imputed to all members of the organization. In McRoberts v. Phelps, 391 Pa. 591, are stated the factors necessary to constitute a joint venture or enterprise. One of these is that there must be a joint proprietary interest and right of mutual control over the subject matter of the enterprise.

To bar the man plaintiff from maintaining this suit, the operators of the club must be concluded to be his agents. The elements to create this relationship are here lacking. The man plaintiff had no proprietary interest in the clubroom and the premises in which it is located. Nor did he have any control over the persons who were conducting such operations. To create the agency it must be proven that the element of control is present. There was no right in him under the bylaws

to vote for the officers concerned in the operations of the club, and therefore clearly he had no right to exercise any control. Social membership only granted the privilege of enjoying the facilities of the clubroom, insofar as this case is concerned. Under such circumstances we conclude that the action can be maintained by a social member. It follows that the woman plaintiff has the right to maintain her action.

Assuming that the man plaintiff cannot maintain this action, it would appear that the woman plaintiff can do so. The action was instituted against the association in its own name, as an entity. This is proper under Pa. R. C. P. 2152. There can be no individual liability upon a member of the association unless he is also joined as a defendant: Pa. R. C. P. 2158. In Johnson v. Peoples First National Bank and Trust Company, 394 Pa. 116, in which case the wife sued the representatives of her husband's estate as the result of a tort committed by him during coverture, the court states, upon page 120, as follows:

"The shackles with which the common law fiction bound a wife no longer exist. The public policy of prevention of marital discord alone can furnish rational justification for a wife's disability to sue her husband for a tort during coverture; such policy is directed to procedure rather than substance."

The tort of a husband which causes injury to his wife results in a cause of action, although the same cannot be enforced during coverture. In the present case, there being no individual liability which could be visited upon the husband, and he having no proprietary interest in the assets of the association, there can be no reasonable ground for concluding that a marital discord might arise as a result of prosecuting this action. In Koontz v. Messer and Quaker State Oil Refining Company, 320 Pa. 487, the wife was permitted to maintain an action against her husband's employer as

the result of a tort committed by him against her in the course of his employment, and this in spite of the fact that the husband had been brought in upon sci. fa. as liable over to his employer. It would appear that the woman plaintiff has the right to maintain the action regardless of whether the man plaintiff is considered as a member of the association. We conclude that the position of defendant is without merit.

*Order*

And now, June 20, 1959, the motion for judgment is refused.

Eo die exception granted and bill sealed.