Fisher *v.* Diehl, Appellant.

Argued October 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Michael Kivko*, with him *Knight & Kivko*, *Todd Daniel* and *Henry Temin*, for appellant.

*Carl Rice*, with him *Witmer & Rice*, for appellee.

OPINION BY KELLER, P. J.:

This action of trespass was brought by a husband and wife against the owner of a truck to recover damages alleged to have been suffered by them, respectively, as a result of a collision between the husband-plaintiff's automobile, driven by him, in which the wife-plaintiff was a guest passenger, and a truck, owned by the defendant and negligently driven by his employee on the defendant's business.

The plaintiffs' statement contained separate claims for damages by the wife and husband, respectively, as follows:

1. The wife's claim growing out of her personal injuries.

2. The husband's claims (a) on account of his wife's injuries, including the loss of her services and companionship and for expenses paid by him on her account; (b) because of his own personal injuries; and (c) for property damage to his automobile.

These claims were properly brought in one action,[1] in accordance with Rule 2228(a) of Rules of Civil Procedure Governing Joinder of Parties, which, while suspending sections 1, 2 and 4, virtually repromulgated the provisions of the Act of May 8, 1895, P. L. 54. See Rule 2231(c). Accordingly, while the several claims were properly brought in one action, the *rights of action* of the several plaintiffs were not merged, but in case of a recovery separate verdicts and separate judgments would be entered, as provided by the Act of 1895.

The defendant in the action filed two petitions. The first asked for a severance of the two actions. It averred that the collision was caused by the negligence of the husband-plaintiff in driving his automobile into the parked vehicle of the defendant, and, therefore, (1) the sole and exclusive liability for said collision and the resulting injuries rested on the husband-plaintiff, *Maurice F. Fisher;* or [2] (2) if there was any negligence on the part of defendant's driver, the negligence of Maurice F. Fisher was a major contributing factor and he was jointly liable with the defendant for the injuries received by the wife-plaintiff, Louise Fisher. The defendant averred that in order to protect his right of contribution against Maurice F. Fisher—if it should be

---

[1] *Hug v. Hall,* 79 Pa. Superior Ct. 392; *Fields v. Phila. R. T. Co.,* 273 Pa. 282, 117 A. 59.

[2] The alternative, 'or' was properly used: *Rau v. Manko,* 341 Pa. 17, 21-23, 17 A. 2d 422.

determined that there was any liability upon defendant —he desired to join said Maurice F. Fisher as an additional defendant in the action by Louise Fisher for damages for injuries to her person; that Rule 2252 permits the joinder of a person as an additional defendant only if he is not a party to the action; that the plaintiff, Maurice F. Fisher, is a party to his wife's action for matters of procedure only. In order to avoid prejudice to the defendant and to permit him to join Maurice F. Fisher as an additional defendant in the action of Louise Fisher, the petitioner asked for a severance of the causes of action of Maurice F. Fisher and Louise Fisher, respectively, and their trial as separate causes of action.

The second petition, which was dependent on the allowance of the first, asked that Maurice F. Fisher be joined as an additional defendant in the action of Louise Fisher against defendant, so as to protect his right of contribution against Maurice F. Fisher, if on the trial of that action it should be found that defendant and said Maurice F. Fisher had been jointly negligent in causing the accident which resulted in Louise Fisher's injuries.

Rules to show cause were granted, which were disposed of by the court as follows: The rule of the defendant for a severance of the actions was made absolute. The rule to join Maurice F. Fisher as an additional defendant in the action brought by Louise Fisher against the original defendant was made absolute, "in so far as he may be jointly liable with the original defendant".

The trial of the action of the wife-plaintiff, Louise Fisher, as thus severed, resulted in a verdict of $2000 in her favor against Richard S. Diehl and Maurice F. Fisher.

The additional defendant had presented a point for binding instructions in his favor, which the court refused. After the verdict, he moved for judgment non-obstante veredicto, which was likewise refused and

judgment was entered on the verdict. The additional defendant appealed.

In making absolute the above stated rules, granted on the petition of the defendant, the court below had clearly stated its views as to their effect, as follows: "However, the petition alleges in addition, joint liability with the defendant on the part of Maurice F. Fisher, and that the joinder is only for the purpose of protecting the original defendant's right to contribution. Under these circumstances, joinder of Maurice F. Fisher, as additional defendant, is right and equitable. It is the duty of the Court, however, to see that the rights of the parties are preserved and to control any execution that might be issued on any judgments rendered, so that Louise Fisher may recover only from the original defendant, Richard S. Diehl, and that the said Richard S. Diehl, original defendant, may obtain only contribution from Maurice F. Fisher."

The opinion of the court, refusing judgment n. o. v. and ordering judgment to be entered on the verdict, specifically approved the prior statement of the court, as above set forth, and that statement is to be considered as impliedly incorporated into its later opinion and order.

A stipulation was entered into of record by the parties, agreeing that "it is the intention of the parties ...... to withdraw from consideration by the court all motions for new trial or judgment n. o. v. now pending in the above actions, *except* the motion of Maurice F. Fisher, additional defendant, for judgment n. o. v., and it is the further intention of the parties to withdraw from consideration by the court said motion of Maurice F. Fisher, additional defendant, for judgment n. o. v., *except* insofar as the said motion is predicated upon the contention that Maurice F. Fisher was improperly joined as an additional defendant in the action wherein his wife, Louise Fisher, is the plaintiff."

Notwithstanding this stipulation, the appellant has

assigned for error (5th assignment) the order of the court making absolute the defendant's rule for a severance of the action brought by Louise Fisher for her personal injuries from the action of Maurice F. Fisher, based on his claims for personal injuries, property damages, and for the loss of his wife's services and companionship, etc.

We think he is concluded by his formal stipulation of record which limited the question involved in the case to his right to judgment n. o. v. because he was "improperly joined as an additional defendant" in his wife's action.

However, Rule 213(b) specifically provides: "The court in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim or counter-claim, set-off or cross-suit, or of any separate issue, or of any number of causes of action, claims, counter-claims, set-offs, cross-suits, or issues."

The original Act of 1895, P. L. 54, supra, requiring that the separate rights of action accruing to a husband and wife, respectively, from a wrongful injury inflicted on the person of the wife, be redressed in one action brought in the names of both, was purely procedural in character and not substantive. It was only to avoid inconvenience and multiplicity of actions, and it should not be enforced or applied so as to prejudice the substantive legal rights of any party. See note of Procedural Rules Committee, under Rule 2231(c). (Goodrich-Amram Annotations §2231(c) ).

When the Act of 1895 was passed it was the rule in this State that as between joint tort feasors there was no contribution. See *Turton v. Powelton Electric Co.,* 185 Pa. 406, 408, 39 A. 1053; [3] *Oakdale Borough v.*

---

[3] This was an action of trespass for negligence, brought against Powelton Electric Co. and Postal Telegraph Cable Co., jointly. The court directed a verdict in favor of the Postal Telegraph

*Gamble,* 201 Pa. 289, 291, 50 A. 971. That rule was changed in *Goldman v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231, so as to limit its application to cases where there has been an intentional violation of the law, or where the wrongdoer knows or is presumed to know that the act was unlawful; and contribution among joint tort feasors has since then been allowed, except in circumstances where it would be inequitable. This action of the Supreme Court was, in effect, confirmed by the Legislature by the Act of June 24, 1939, P. L. 1075, which provides: "Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them such liabilities are either all primary or all secondary." [4]

Consequently, if the concurrent negligence of Maurice F. Fisher and the defendant caused the injuries to Mrs. Fisher, the defendant had a substantive legal right to

---

Cable Co. and submitted to the jury the question of Powelton Electric Company's liability for negligence, which rendered a verdict against it. Chief Justice STERRETT, speaking for the Supreme Court said: "His action in thus directing a verdict in favor of one of the defendants has been assigned for error; but inasmuch as *joint tort feasors are jointly and severally liable for injuries caused by their torts, and, as between themselves, no right of contribution exists,* the appellant company has no standing to complain of the action of the court in directing a verdict in favor of its codefendant."

[4] Neither this act nor the decision in *Goldman v. Mitchell-Fletcher Co.,* supra, affected or disturbed the right of a defendant only secondarily liable for a tort to recover from one primarily liable for such tort the full amount of damages he was obliged to pay; as, for example, where a municipality is sued for damages resulting from a defective sidewalk, it may recover from the owner or tenant occupying the abutting premises the damages it was obliged to pay (*Brookville Borough v. Arthurs,* 152 Pa. 334, 25 A. 551); or where an employer is required to pay damages caused by the negligence of his employee, in the absence of the employer, he has a right of action over against his employee for the damages he was required to pay. (*Koontz v. Messer et al.,* 320 Pa. 487, 493-5, 181 A. 792).

contribution from his joint tort feasor, which should not be affected or denied by the purely procedural statute or rule enacted or promulgated for convenience and to avoid multiplicity of actions.

We find no error in the order severing the actions, and proceeding with the action of Louise Fisher for her personal injuries.

We come, then, to the real question involved, Whether, on petition of the original defendant, the plaintiff's husband can be joined as an additional defendant in her action for personal injuries? While the question has not been directly answered by an appellate court in this State, *under precisely the same circumstances as are here present,* we think the decisions of the Supreme Court, in cases where the underlying facts are very similar, permit this to be done, provided that any judgment obtained against the husband, as additional defendant, may not be enforced by the wife-plaintiff, but is only available to the original defendant by way of contribution; that, on payment of the judgment by the original defendant he is entitled to have it marked to his use, so that he may use it to enforce contribution, if he can, from the additional defendant.

The appellant husband—the wife has not appealed—claims that the net result of the lower Court's action is to permit an action by the wife against her husband, which is contrary to the settled policy of this Commonwealth for two reasons: First, because of the legal unity of husband and wife; and, second, in order to preserve domestic peace and felicity. But appellant's *premise* is wrong. The action of the court below was not equivalent to permitting an action by the wife against her husband. Her husband is not a party defendant to the action so far as she is concerned. The judgment against him, as restricted by the Court, is not enforceable by her, nor does it enure to her benefit. It is simply a judgment enuring to the benefit of the original defendant if he pays or is required to pay the

wife's judgment; and it then requires the husband to pay to the original defendant only one-half of the damages paid by the latter as a result of the joint negligence of both.

The legal unity of husband and wife and the preservation of domestic peace and felicity between them are desirable things to maintain where they do not produce injustice to the wife and where they do not inflict injustice upon outsiders and deprive them of their legal rights.

Our various Married Women's Acts have protected wives in the possession and control of their separate property, and permit a wife to sue her husband to protect and recover her separate property (Act of March 27, 1913, P. L. 14). They do not go so far as to permit her to sue him for damages in tort for wrongful injury. But the aim to preserve domestic peace and felicity between husband and wife should not go so far as to require third persons to lose substantive rights given them by law with respect to actions for wrongful injury, where they can be secured without a suit or action being brought by the wife against her husband, and her rights are not involved in, nor affected by, the action. To hold otherwise would permit a husband to profit by his own wrongful or negligent act at the sole expense of the third party. Our Supreme Court has declared otherwise.

In *Koontz v. Messer et al.*, 320 Pa. 487, 181 A. 792, Mrs. Koontz brought an action against her father, Samuel Messer, and the Quaker State Oil Refining Company, of which Messer was president, for injuries alleged to have been caused by the negligence of their servant, Forrest O. Koontz, who was her husband. Mrs. Koontz's husband was a salesman of the Quaker Company and was driving Messer's car on a trip which included the transaction of business for both Messer and the Quaker Company when the accident occurred, through the negligence of her husband, which seriously injured Mrs.

Koontz, who was riding as a guest passenger. The defendants caused a writ of scire facias to issue to bring Koontz upon the record as an additional defendant, alleging that he was liable over to them for the cause of action declared upon.

Verdicts were returned in favor of the plaintiff against the original defendants, and in favor of the original defendants against the additional defendant. The original defendants appealed from the judgment entered against them on the verdict.

The differences in the facts in that case from the present case are: (1) Mrs. Koontz's husband was not joined as a plaintiff in her action. The severance of the husband's action from his wife's in this case has the same effect. (2) The defendants were the employers of the negligent driver, who was primarily responsible for the accident, and consequently they did not ask contribution, but full recovery from him as the person primarily liable for the injuries.

Otherwise, the material facts and their legal consequences are not dissimilar. The Supreme Court held the wife could sue her husband's employers on the principle, 'respondeat superior', although she could not sue her husband—"Plaintiff has had and could have no recovery against her husband, although the latter is joined as additional defendant. Her suit against the original defendants, however, remains unaffected" (p. 494)—and that her right against them was not barred or affected by her husband's being made an additional defendant under the writ of scire facias, and a judgment entered against him in favor of the original defendants.

The court, speaking through Mr. Justice DREW, referred with approval to the analogous case where a minor daughter, (although a suit on her behalf against her parent would not be permitted on the ground that it would disrupt domestic harmony) could nevertheless recover against a city for injuries due to a defective foot pavement in front of property of which her

father was tenant, even though he, in turn, as additional defendant, was held liable over to the city in the same proceeding (*Briggs v. Phila.*, 112 Pa. Superior Ct. 50, 170 A. 871),[5] and added: "Similarly, in the case before us, plaintiff's recovery against appellants [the original defendants] is in no way barred by the fact that her husband is liable over to them." (p. 495).

The same principle—that while a wife may not sue her husband for personal injuries resulting from his negligence, this immunity does not prevent his being made liable to answer over, as an additional defendant, by way of contribution, to a third party who has been sued by the wife as responsible for her injuries, if the husband's negligence contributed to the accident—is implicit in the opinions of the Supreme Court in the following cases: *Kaczorowski v. Kalkosinski, Admr.*, 321 Pa. 438, 184 A. 663, where the Court said: "It is immaterial what reason may be assigned for the prohibition on tort actions between spouses, it is obvious that though they successfully prevent actions between the spouses themselves, they cannot be extended to include actions by third parties who may be injured by the same act or others who may be liable for the injury as in *Koontz v. Messer & Quaker State Oil Refining Co.*, supra. The application of the rule would be an injustice since neither of the reasons for the rule apply to such situations." *Rau v. Manko*, 341 Pa. 17, 23, 17 A. 2d 422, where referring to former Rule 2258, the court said: "The Rule does not and was not intended to enable a plaintiff, who has no control over the litigation between the defendant and the additional defendant, to prevent adjudication of their rights: see Shapiro v. Philadelphia, 306 Pa. 216, 220-21, 159 A. 29. Such a plaintiff is not effected by defendant's bringing in the additional defendant from whom the plaintiff cannot

---

[5] Reversed by the Supreme Court on another ground (316 Pa. 48, 173 A. 316).

recover: compare Koontz v. Messer, 320 Pa. 487, 493, 181 A. 792; Murray v. Lavinsky, 120 Pa. Superior Ct. 392, 182 A. 803."

Our Supreme Court has held that the sci. fa. Act of May 18, 1933, P. L. 807, to bring in additional defendants was enacted "to avoid multiplicity of suits, to compel every interested person to appear and have adjudicated conflicting rights in a single action ...... *The act works out contribution as between joint tort-feasors* ...... It is an enabling statute and should be construed so as to advance the legislative purpose": *Gossard v. Gossard,* 319 Pa. 129, 133, 178 A. 837. The same statement applies to the Rules of Civil Procedure Governing Joinder of Parties, for it was reiterated by the Supreme Court in *Maio, Exrx. v. Fahs et al.,* 339 Pa. 180, 189, 14 A. 2d 105, on June 24, 1940, after the Rules were promulgated.

We are of opinion that the bringing in of Maurice F. Fisher as an additional defendant in the action brought by his wife against Richard S. Diehl was in the interest of right and justice, and that to have refused to have done so would have been an injustice to the original defendant; and that as no harm or injury resulted therefrom to the plaintiff, the judgment should be affirmed, subject to the provision imposed by the court below, that no execution be issued by the plaintiff on the judgment entered against the additional defendant, "so that Louise Fisher may recover only from the original defendant, Richard S. Diehl, and that the said Richard S. Diehl, original defendant, may obtain only contribution from Maurice F. Fisher".

The judgment is affirmed, subject to said provision.

PER CURIAM, January 25, 1945.

The foregoing opinion had been prepared by President Judge KELLER before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.