## Bonner et al. v. Galowitch

*Irving W. Coleman*, for plaintiffs.
*Snyder, Wert & Wilcox*, for defendant.

HENNINGER, P. J., February 24, 1948.—Plaintiff Bonner, in whose automobile plaintiffs Rosenthal were guests, joined with the Rosenthals in a suit against defendant, driver of an automobile which collided with that of Bonner, out of which collision plaintiff's injuries were sustained. This joinder was permissible under Pa. R. C. P. 2229(a) because plaintiffs' rights

arise out of the same occurrence and relate to a common question of law and fact.

Defendant would have a clear right to add the driver of the other car as an additional defendant and to assert against him either sole liabilty, liability over or joint liability excepting that Pa. R. C. P. 2252(a) limits the right of joinder of additional parties to "any person not a party to the action" and plaintiff Bonner, whom defendant would join is, of course, already a party to the action.

Courts have had no difficulty in solving this problem by recourse to Pa. R. C. P. 213(b) providing for severance of causes "in furtherance of convenience or to avoid prejudice". It is true that this rule provides merely for separate trial, but it has frequently been used as a severance in pleading and procedure to avoid prejudice, where one of several joint plaintiffs is sought to be added as an additional defendant.

This was done in Fisher v. Diehl, 156 Pa. Superior Ct. 476, 483, in which the joinder of a husband plaintiff was not only permissive, but was actually required under Pa. R. C. P. 2228(a). A fortiori, severance should be granted and has been granted in cases like the present one in which the joinder of plaintiffs is merely permissive: Swope et al. v. Costello, 47 D. & C. 696, and cases therein cited.

There is a case which holds that severance under Pa. R. C. P. 213(b) applies only to separate trials (Freeman et ux. v. MacDonald et ux., 42 D. & C. 158, 160) and the language of the rule goes no further. All other cases, however, have permitted the severance at a time when it will avail defendant in pleading his defense: Judge et al. v. Lang, 43 D. & C. 511, 513; Swope et al. v. Costello, supra, and cases therein cited.

While the question of permitting severance for pleading as well as for trial was not raised in Fisher v. Diehl, supra, page 488, the facts of that case clearly indicate

that such severance is permissible under Pa. R. C. P. 213(*b*).

Plaintiffs further contend that we should not exercise our discretion to sever, because defendant denies negligence on his own part and, therefore, avers only sole liability on plaintiff Bonner's part and not joint liability or liability over. They contend that this sole liability can as well avail defendant first as absence of liability on defendant's part in the action of other plaintiffs and by way of counterclaim against plaintiff Bonner.

Plaintiffs' counsel cite defendant's denial of liability on his own part as conclusive that he cannot set up joint liability. This contention overlooks Pa. R. C. P. 1020(*c*) which reads, "causes of action and defenses may be pleaded in the alternative".

Furthermore, while courts are not concerned with tactics or strategy, a jury can better grasp the defense of another's liability if that person is joined as a defendant, than it can upon the purely negative defense of nonliability on the part of original defendant.

It seems fair to defendant, therefore, and not prejudicial to plaintiff Bonner to sever the actions. Whether or not there shall eventually be a consolidated trial is a matter that can be decided when the time comes.