## Thompson et ux. v. Vopleus

*Robert W. Trembath*, for plaintiffs.
*Davis R. Hobbs*, for defendant.

FARR, P. J., April 25, 1950.—In this opinion we will dispose of two rules.

On November 8, 1947, an accident occurred in Monroe Township in this county in which Robert E. Thompson and Mary, his wife, and Cecil Vopleus were involved. On August 22, 1949, Robert E. Thompson and Mary Thompson brought an action of trespass against Cecil Vopleus to the above term and number, averring that they suffered damage by reason of the negligence of defendant on the occasion of this accident. The complaint was served on September 6, 1949, and on Sep-

tember 27, 1949, a præcipe for appearance was filed by defendant. On November 3, 1949, a rule for severance was granted upon a petition setting forth that defendant desires to join Robert E. Thompson as an additional defendant in the suit of Mary Thompson, averring that Robert E. Thompson was negligent in the operation of the motor vehicle in which he and his wife were injured at the place and on the date and at the time aforesaid. He then set forth under separate paragraphs the various acts of negligence of which he claims Thompson was guilty. The fifth paragraph of the petition avers "that said petition is filed within the period of sixty (60) days allowed for the joinder of an additional defendant, but that it is impossible to determine at this time what period of time will elapse before an order of severance is made by Your Honorable Court and that until such order is made, the defendant cannot file his præcipe for a writ to join Robert E. Thompson as an additional defendant". The prayer then follows for severance and for time extension of 10 days from the date that an order for severance is made in which to file his præcipe and plead.

On this petition we granted a rule:

"November 3, 1949, a rule to show cause why severance should not be allowed and time extended for filing complaint to join Robert E. Thompson is granted as prayed for returnable Monday, November 14, 1949, at 10 o'clock a.m."

This rule was served on November 3, 1949. Plaintiff answered the petition as follows:

"Now this 14th day of November, 1949, come the plaintiffs, by their attorney, R. W. Trembath, and plead that the statute of limitations is a complete bar to the relief sought, namely, that more than two years have expired since the date of the accident which occurred on November 8, 1947."

On February 3, 1950, a rule was granted upon plaintiff, on the petition of defendant, to show cause why an amendment to the original petition should not be allowed, averring that Robert E. Thompson is jointly liable with Cecil Vopleus for the injuries received by Mary Thompson, in order to protect the right of contribution. This amendment is desired in order that the averments of negligence on the part of Robert E. Thompson, charged in the original petition for severance, shall not be construed as an allegation that Robert E. Thompson was solely negligent. If so construed there could be no severance for the reason that the wife cannot sue the husband, and for the further reason that it appears that the statute of limitations has run against such suit. We are not convinced, however, that the allegations in the original petition may be construed as averring sole liability on the part of Robert E. Thompson, but in view of the liberality of the law in allowing amendments, and for the purpose of clarifying the pleading we make the rule absolute and permit the amendment.

It seems to us that Fisher v. Diehl, 156 Pa. Superior Ct. 476, definitely answers the objection on the part of plaintiff as does also rule 213(b). Under the rules it is necessary for a severance in order that Robert E. Thompson may be brought upon the record. He may not be brought in as solely liable but only as a joint or several tortfeasor in order that Vopleus may have contribution in case the jury find that there was joint negligence, in which case the court will control execution if judgment is recovered against them jointly and permit it only against Vopleus with right of contribution in accordance with the procedure outlined in Fisher v. Diehl, supra.

We make the rule for severance absolute and allow defendant 10 days in which to file his præcipe to join

Robert E. Thompson as an additional defendant and file his complaint averring joint liability on the part of Robert E. Thompson.