## Shaffer et al. v. Belletierre et al.

*D. M. Hass*, for planitiffs.
*M. E. Cohen*, for defendant.

*Frank F. Truscott,* city solicitor, and *I. K. Levy,* assitant city solicitor, for additional defendant.

SLOANE, J., June 20', 1950.—What is before us for disposition is defendant's petition for leave to file his complaint, nunc pro tunc, against the City of Philadelphia, as additional defendant.

Procedure has the appearance of intricacy and is more easily resolved when explained with the facts. What comes up from the record is this: Defendant's car and one of the city's fire engine trucks on its way to a fire came to a right-angle collision; as a result, defendant's car ran up on the sidewalk into plaintiff Albert Shaffer's house, damaging it, and also injuring the other plaintiff, Lena Shaffer, who fell out of her bed on the second floor, allegedly. The two plaintiffs sued defendant, bringing their action almost a year after the occurrence. They did not sue the city, and they gave no notice to the city of any claim for damages "arising from the negligence of such municipality or any employe thereof" within the six-month period and in the manner required by the Act of July 1, 1937, P. L. 2547, 53 PS §2774.

Defendant issued a writ to join the city as an additional defendant, within the 60 days prescribed by Pa. R. C. P. 2253, and filed a complaint against the city. The city answered the complaint by new matter setting forth that neither plaintiffs nor defendant had given notice to the city within the statutory six months after the accident of any claim for damages, and no leave of court upon a showing of reasonable excuse had been obtained. The city also filed a counterclaim against defendant for damages to its fire engine truck.

Thereafter defendant filed the present petition for leave to file his complaint, pointing out that the action against him had not been started till after the six months was up, and that the city did have timely notice

of the occurrence, the sources of the notice being other suits arising from the accident as well as the presence of city employes on the fire engine truck, with the city making its own investigation within the six-month period. Thus as a matter of sure knowledge the city, and it is so admitted, was aware of the happening. But the city did not know of these plaintiffs' claims until this attempt was made to join it as an additional defendant. In the cases where a municipality had notice of a particular person's claim by means other than prescribed by the act, the decisions have held the notice sufficient since the purpose of the statute was fulfilled, the municipality having had timely opportunity to investigate that particular claim: Badger v. Upper Darby Township, 348 Pa. 551; Eisenhauer v. Cleveland Township, 154 Pa. Superior Ct. 206. Here there is no notice of these specific claims and no knowledge of them through other means, though, as stated, there is knowledge of the collision. We do not think the city should be aware of a claim for injuries caused by a fall out of bed, as claimed here, from the fact that defendant's vehicle struck a house in the second floor of which plaintiff was asleep; nor do we think the city should be aware of a claim against it by the owner of the house struck by defendant's vehicle—lacking specific notice of such claims. The knowledge of the occurrence the city acquired from the other sources available to it was not the required notice of those separate and particular claims, with the opportunity of investigation contemplated by the statute. The act is entitled to some literalness, firmness, and compulsion. We hold therefore that, using the words of the statute, "no cause of action may be validly entered of record" by plaintiffs against the city.

Plaintiffs may not recover against the city, and since that is so, defendant may not join the city on the basis of its sole liability. Indirection is not allowed where

directness will not avail; a defendant should not be able to change the face of the statute. See Zachrel, Admx., v. Universal Oil Products Company et al., 355 Pa. 324; Carlin v. Pennsylvania Power and Light Company et al., 363 Pa. 543, "affirmed on the opinion of the learned court below"; Carey et al. v. Petrilak et al., 62 D. & C. 626; Brillhart v. Edison Light & Power Co. et al., 66 D. & C. 92.

However, as to his own right, defendant may join the city if he seeks contribution on the basis of joint liability, for his own right is separate as against the city and is not foreclosed or lost by what plaintiffs failed to do. The fact that plaintiffs neglected or chose not to pursue their claim against the city cannot be permitted to harm defendant when he acted promptly as soon as suit was brought against him.

Defendant, in his original complaint against additional defendant (which we assume is the same as he now petitions to file since he does not attach a copy of his proposed complaint), averred by way of conclusion: "In view of the above stated facts the City of Philadelphia is liable to plaintiff or is jointly and severally liable to defendant or liable over to defendant for the cause of action declared upon in plaintiff's complaint." But these are unsupported conclusions and not averment results; defendant must aver the facts which lead to the generality: Carlin v. Pennsylvania Power and Light Company et al., 363 Pa. 543. Defendant's right is marked by this condition.

Defendant sets forth five respects in which the city was negligent, and then, "that the accident occurred through no fault on his part, but due to the unlawful, careless and negligent and reckless operation of the fire engine truck". So far as the facts he avers are concerned (assuming even these averments to be facts), the only conclusion that possibly could follow is sole

liability on the part of the city. Defendant's declared and oath-given thesis is the city's sole liability. The conclusion-averments of joint or several liability, or liability over (there is no possibility of this in the situation) must be disregarded; no facts are averred which could sustain them. Under the sole-liability averment, which does not give him the right to join an additional defendant where plaintiffs' right against the party sought to be joined cannot be asserted,[1] defendant's petition should be dismissed, and with its dismissal would follow that of the city's counterclaim[2] for damages to its fire engine truck.

We conclude however that defendant be given an opportunity to file a new complaint, if he can, to include averment of fact to show joint liability. This involves inconsistency with the complaint he filed previously, and we permit this only because inconsistent and alternative pleading is permitted by the procedural rules as they now stand.

Defendant may file a complaint to join additional defendant, in accord to this opinion, within 10 days hereof, else the petition is dismissed.

---

[1] A plaintiff may have no direct claim or right of recovery against an additional defendant in various situations. It may be because the statute of limitations bars a plaintiff, or, as here, for failure to give the required notice. A plaintiff may have no claim at law because the Workmen's Compensation Act is applicable as between employe and employer (Zachrel, Admx., v. Universal Oil Products Company, 355 Pa. 324 , 330-31) ; there may be immunity from suit because of a family relationship: Fisher v. Diehl, 156 Pa. Superior Ct. 476. In these situations a defendant may not join an additional defendant on the basis of sole liability of such additional defendant; where the facts averred show joint or several liability or liability over to be possibilities, joinder will be permitted. See general discussion in Goodrich-Amram §2252 (a) 9, 10, 11.

[2] It may be said that the city should have raised objections rather than file an answer and counterclaim, but we dispose of the matter with only this allusion since no objection was raised on that score.