## Humbert et al. v. Mellott

George S. *Black* and *Merrill W. Kerlin*, for plaintiffs.
·Daniel *W. Long* and *Albert Foster*, for defendant.

SHEELY, P. J., July 24, 1951.—Plaintiffs, Ted Humbert and George W. Humbert, a minor, by Ted Humbert, his guardian, filed a complaint in trespass against defendant claiming damages alleged to have been suffered by them in an accident in which an automobile operated by defendant is alleged to have collided with an automobile owned by Ted Humbert and operated by his son, George W. Humbert. The claim of Ted Humbert for damages to his automobile and for expenses incurred by him in connection with the injuries to George W. Humbert was joined with the claim of George W. Humbert for personal injuries as required by Pa. R. C. P. 2228(*b*). This, however, did not merge their rights of action as separate ·verdicts and judgments would be entered: Fisher v. Diehl, 156 Pa. Superior Ct. 476, 478 (1944).

The complaint, properly endorsed, was served on defendant on March 5, 1951. Upon motion of Daniel W. Long, attorney for defendant, alleging that he was retained in the case on March 23, 1951 (Good Friday), and had not yet received a copy of the complaint or had an opportunity to examine the facts, the time for filing a pleading was extended to April 10, 1951. On April 10, 1951, defendant filed an answer and counterclaim alleging that the accident was due to the negligence of George W. Humbert, and claiming compensation for the damages to his automobile and for his personal injuries. On May 4, 1951, defendant filed a petition for the severance of the claim of plaintiff, Ted Humbert, from the claim of George W. Humbert so

that the issues may be tried separately, and to extend the time for joining George W. Humbert as an additional defendant until further order of court. A rule to show cause was granted upon plaintiff returnable June 4, 1951.

On May 15, 1951, plaintiff filed an "answer to the petition for severance, with new matter", endorsed with a notice to defendant to plead to the new matter within 20 days. The answer to the petition denies that it is necessary in order to avoid prejudice to defendant to grant a severance and alleges that, on the contrary, a severance would react to the prejudice of plaintiffs, would delay their cause, would result in a multiplicity of litigation and trials, and would save no litigation under the facts of the case. It is further alleged that defendant should have alleged facts to support his charge of negligence against George W. Humbert that defendant was guilty of laches in not retaining counsel until March 23, 1951, and in not filing his petition for severance until May 4, 1951, and that a severance should not be granted because defendant has filed a counterclaim alleging that the accident was due solely to the negligence of George W. Humbert, which, if true, would relieve defendant of liability to Ted Humbert. To this answer with new matter defendant filed preliminary objections.

In view of the conclusion which we have reached on the main point in controversy it is unnecessary to discuss the propriety of an "answer with new matter" to a petition for severance, endorsed with a notice to plead, and the filing of preliminary objections thereto. The basic question is whether defendant's petition for severance should be granted in order to permit him to join George W. Humbert as an additional defendant in the action brought by Ted Humbert for damages alleged to have been sustained to his automobile. If the present action had been brought by Ted Humbert alone there

would be no question of the right of defendant, under Pa. R. C. P. 2252, to file as of course a præcipe for a writ to join as an additional defendant any person who might be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him. The right to join additional defendants under this rule is limited, however, to "any person not a party to the action", and under Pa. R. C. P. 2228(b), as under prior statutes, Ted Humbert was required to join with George W. Humbert in bringing his action arising from the injuries to his son and also to assert in that action his claim for damages to his automobile. Even if he had had no claim arising from the injuries to his son he would have joined with his son as plaintiff in asserting his claim for damages to his automobile, under Pa. R. C. P. 2229. And since the two actions by the two plaintiffs are joined, defendant cannot bring in George W. Humbert as an additional defendant to the claim of Ted Humbert as of course. As pointed out in the notes of the Procedural Rules Committee:

"Where persons having separate claims join as co-plaintiffs the proper procedure is the granting of a severance of the action upon the application of the defendant who may thereafter join the plaintiff in one of the severed actions as an additional defendant in the remaining action."

The principle of severance of causes of actions in situations such as this in order to permit the joinder of one of the plaintiffs as an additional defendant in the action of the other plaintiff was fully approved by the Superior Court in Fisher v. Diehl, 156 Pa. Superior Ct. 476 (1944), in an opinion by President Judge Keller. In that case the action was by husband and wife for damages alleged to have been sustained by them as a result of a collision between husband-plaintiff's automobile, driven by him, in which his wife-plaintiff was

a guest passenger, and a truck owned by defendant. The lower court permitted a severance of the causes of actions and the joinder of the husband as an additional defendant in wife-plaintiff's action for the sole purpose of permitting original defendant to obtain contribution from additional defendant. The Superior Court held that the original Act of May 8, 1895, P. L. 54, requiring that the separate rights of action accruing to a husband and wife, respectively, from a wrongful injury inflicted on the person of the wife be redressed in one action brought in the names of both, was purely procedural in character and not substantive. "It was only to avoid inconvenience and multiplicity of actions, and it should not be enforced or applied so as to prejudice the substantive legal rights of any party." After discussing the right of contribution between joint tortfeasors the court said (p. 482) :

"Consequently, if the concurrent negligence of Maurice F. Fisher (husband) and the defendant caused the injuries to Mrs. Fisher (the wife-plaintiff), the defendant had a substantive legal right to contribution from his joint tortfeasor, which should not be affected or denied by the purely procedural statute or rule enacted or promulgated for convenience and to avoid multiplicity of actions."

The court further stated (p. 487) :

"Our Supreme Court has held that the Sci. Fa. Act of May 18, 1933, P. L. 807, to bring in additional defendants was enacted 'to avoid multiplicity of suits, to compel every interested person to appear and have adjudicated conflicting rights in a single action. . . . *The act works out contribution as between joint tortfeasors.* . . . It is an enabling statute and should be construed so as to advance the legislative purpose': . . . The same statement applies to the Rules of Civil Procedure Governing Joinder of Parties, for it was reiterated by the Supreme Court in Maio, Exrx. v. Fahs

et al., 339 Pa. 180, 189, 14 A.2d 105, on June 24, 1940, after the Rules were promulgated.

"We are of opinion that the bringing in of Maurice F. Fisher as an additional defendant in the action brought by his wife against Richard S. Diehl was in the interest of right and justice, and that to have refused *to have done so would have been an injustice to the original defendant. . . .*"

In that case the only question involved in the severance and joinder of additional defendant was the right of original defendant to contribution. In this case we have the additional right of defendant to show that George W. Humbert was alone responsible for the accident so that the jury might return a verdict against him and in favor of Ted Humbert for the damages to the Humbert automobile. As pointed out in Goodrich-Amram 2251-1, the right of the jury to return such a verdict would be of material aid to defendant in convincing the jury that George W. Humbert was alone responsible for the action. Furthermore, it would eliminate any possibility of a future action by Ted Humbert against his son for such damages.

Plaintiffs contend that a severance should be refused because defendant has filed a counterclaim, the theory being that all issues in the case are thereby brought before the court and can be determined without severance. While there are a number of decisions so holding, we fail to see how a counterclaim has any bearing on the situation. In the initial action the jury would have to determine whether the accident was caused by the negligence of defendant, or the negligence of George W. Humbert, or the negligence of both. The filing of the counterclaim would not change these basic questions to be determined, but would merely put the record in form to permit a verdict against George W. Humbert and for defendant for defendant's damages, if the jury found that the accident was caused solely by the

negligence of Humbert. If George W. Humbert is joined as an additional defendant in his father's action the basic questions to be determined remain the same, but the record is then in form to permit the jury to return a verdict against him and in favor of his father if it found that the accident was caused solely by his negligence, or a verdict against him and defendant for the damages to his father's automobile if it found that they were jointly liable. As stated in Gossard v. Gossard et al., 319 Pa. 129, 132, 133 (1935) :

"It (the purpose of the Sci. Fa. Act) was to avoid multiplicity of suits, to compel every interested person to appear and have adjudicated conflicting rights in a single action, to save the original defendant from possible harm resulting from loss of evidence if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part . . . keeping in mind the purpose of the Sci. Fa. Act as applied to this class of litigation, a plaintiff should not be permitted to deprive a defendant of a right which it was the obvious purpose of the Act to give him."

To refuse to permit a severance because defendant had filed a counterclaim would deprive defendant of a right which it was the obvious purpose of the act to give him—the right to have adjudicated in the one action the possible liability of additional defendant to the other plaintiff either solely or jointly with original defendant.

The cases in which it is held that a severance should not be granted where a counterclaim has been filed seem to proceed on two theories. First, the counterclaim alleges that the accident was caused by the sole negligence of the one plaintiff which, if true, would absolve defendant from all liability. Second, the result of a severance must necessarily be that the actions be tried separately; that is, by different juries. The first reason overlooks the effect of Pa. R. C. P. 1020 (c),

which provides that causes of action and defenses may be pleaded in the alternative, so that there is no inconsistency between a counterclaim alleging sole liability of the one plaintiff and a præcipe for joinder of that plaintiff as an additional defendant to the action of the other plaintiff on the alternative theories of sole liability or joint liability. A failure to permit joinder would deprive defendant of the opportunity to have his substantive right of contribution from the other plaintiff determined in the one suit and would restrict him to proof of that plaintiff's sole liability on that claim. The second reason overlooks the fact that a severance of the causes of action (required by the rules to be joined) would neither necessarily nor ordinarily result in separate trials since under Pa. R. C. P. 213 the method of trial is largely within the discretion of the court. Unless there were some complicating factors the actions would all be tried together to achieve the purpose of avoiding a multiplicity of suits.

We conclude that a severance would not prejudice plaintiffs or result in a delay of the case, and would not result in a multiplicity of litigation and trials, but rather would avoid a multiplicity of trials, and that a failure to permit severance would prejudice defendant.

Plaintiff finally contends that defendant is guilty of laches in not retaining counsel until March 23, 1951, and in not filing his petition for severance until May 4, 1951. The complaint was served on defendant on March 5, 1951, and he had until March 26, 1951, in which to plead. We cannot say that defendant was guilty of laches in waiting until near the end of that period to retain counsel so long as he did act before the 20 days expired. This he did by securing an extension of time in which to file a pleading and he did file his answer and counterclaim within the extended time. He also had 60 days within which to file a præcipe for a writ to join an additional defendant, but he could not file the

præcipe to join a plaintiff as an additional defendant until he had secured a severance, and within the 60-day period he did file a petition for severance. Having acted within the time allowed, the necessity for securing the severance is a sufficient cause for extending the time for joining additional defendants. Plaintiff has not claimed prejudice by reason of the alleged delay, and cannot, since the earliest term of court at which plaintiff's action could be tried would be October 1951, by which time the joinder may be effected and all matters put at issue unless the case be further unnecessarily delayed.

The contention of plaintiffs that defendant should have alleged facts to support his charge of negligence against George W. Humbert is without merit. Assuming that such allegations are necessary, plaintiff's petition sufficiently sets forth the grounds upon which he contends that George W. Humbert was negligent.

In order to dispose of the various pleadings filed in this case we hold that no issues of fact are raised by plaintiff's answer to defendant's petition for severance which would require the taking of depositions; that the facts alleged in plaintiff's answer are insufficient to prevent severance; that on consideration of the petition and answer it is the judgment of the court that severance should be permitted in order that defendant may proceed to join George W. Humbert as an additional defendant in the claim of Ted Humbert for damages to his automobile.

And now, July 24, 1951, it is ordered and decreed that defendant's petition for severance be granted, and that the claim of Ted Humbert for damages to his automobile be severed so as to permit the joinder of George W. Humbert as an additional defendant in that action. Defendant is allowed 20 days from this date to file his præcipe for a writ to join George W. Humbert as an additional defendant.