## Rowles et ux. v. Johnson

*W. Albert Ramey*, for plaintiffs.

*Smith, Maine, Whitsett & Lee*, for defendant.

PENTZ, P. J., March 28, 1955.—Orvis M. Rowles and Eleanor Rowles bring an action of trespass against Robert Eugene Johnson, defendant, plaintiffs setting forth in the complaint two counts for damage claimed as result of the alleged negligence of defendant.

One count is for damages to an automobile owned by plaintiffs, husband and wife, as tenants by entireties. The second count is for personal injuries sustained by Orvis M. Rowles; the husband, Orvis M. Rowles, operating the motor vehicle owned by him and his wife at the time of the accident.

Defendant has filed petition, praying for severance of the parties plaintiff, setting forth that it is defendant's desire to join Orvis M. Rowles as an additional defendant, averring that Orvis M. Rowles is liable over to defendant for the claim of Eleanor Rowles, and that the personal injuries sustained by Orvis M. Rowles were due to his negligence in operating the automobile owned by him and his wife, Eleanor Rowles.

Plaintiffs appeared, and object to the severance.

Defendant, in support of his petition for severance, relies on Fisher v. Diehl, 156 Pa. Superior Ct. 476,

and Benson v. Shenango Valley Transportation Co., 63 D. & C. 281.

It is not disputed by either party in this action that Orvis M. Rowles and Eleanor Rowles, as owners as tenants by entirety of the motor vehicle damaged in the accident with Robert Eugene Johnson, must bring the action jointly; nor is it disputed that the court has the power to grant the severance. Plaintiffs contend severance in this action cannot legally be allowed and that the case at bar differs from Fisher v. Diehl, supra, in that the husband and wife as plaintiffs, in suing for damage to the property, namely, the automobile owned by entireties, have but one cause of action, as distinguished from Fisher v. Diehl, where there were two separate causes of action, one of the husband, and one of the wife separately, but joined in the action as plaintiffs, because of the requirements of the Civil Procedural Rules.

This question, that an action by tenants by entireties is but one action for both, and both must appear as parties plaintiff, has been definitely established in Pennsylvania. The discussion in Kline et ux. v. Ranken, 79 D. & C. 260, and in Kranchalk v. Simon, 80 D. & C. 289, makes it quite clear that the action of the husband and wife for injury to their jointly held property is a single action; they are, in the law, but one person, and have only one legal estate in the automobile, and can only assert one claim for recovery of damages to the vehicle.

It is not necessary to discuss at greater length the reasoning and conclusions reached in Kline et ux. v. Ranken, supra, and Kranchalk v. Simon, supra, as in both cases the question involved is fully discussed, and thoroughly reasoned, to the effect that a severance of a husband and wife, tenants by entireties, in a claim for damage to their vehicle, is not permissible for the purpose of bringing in the husband, or wife, if

either were the operator of a vehicle, as additional defendant.

In Kline et ux v. Ranken supra, Judge Forrest, Montgomery County, states on page 265:

"It is not necessary at this time to decide or even discuss what the result would be if the jury should find that plaintiff husband was guilty of contributory negligence. Suffice it to say that the trial judge should submit the question of the negligence of plaintiff husband to the jury for a special finding under Pa. R. C. P. 2257, which provides . . ."

If the rulings in Madden v. Gosztonyi, 331 Pa. 476, establishing attributes of a tenancy by entirety, as between husband and wife, are followed to a logical conclusion, there will be no need to hesitate in considering what the effect will be of a finding by a jury that husband plaintiff is contributorily negligent. Since, in a tenancy by entireties, the interest of both husband and wife is indivisible, that they are one in any action, and have only one legal estate in the automobile, and can only assert one claim, contributory negligence of one or the other must be a defense to that one claim.

As to the second count, for the personal injury of the husband, in which he sues individually, he is already a party of record, and is not subject to be brought upon the record as an additional defendant. If Orvis M. Rowles was negligent, or contributorily negligent in the accident, resulting in damage to the automobile and injury to his person, already as a party on the record, defendant will have the advantage of any contributory negligence of Orvis M. Rowles if the jury so finds; the claim of husband and wife as tenants by entireties for damage to the automobile, as well as Orvis M. Rowles' claim for his personal injuries, can be determined by the verdict of the jury.

756

*Order*

Now, March 28, 1955, rule for severance of action of the parties is dismissed.

Defendant to have 20 days from the date hereof to file any answer he may desire to present.