## Nussbaum v. Buerk

*Driscoll, Gregory and Coppolo,* for plaintiff.

*Charles I. Houston,* for defendant.

TRAMBLEY, P. J., August 3, 1961.—This case is before the court on petition filed March 22, 1961, by defendant requesting the court to sever the claim of Lavern P. Nussbaum for personal injuries, expenses incurred in connection with Rosemary Nussbaum and Alberta M. Nussbaum, property damage, lost wages and pain and suffering asserted by Lavern P. Nussbaum, individually, from the claim for pain and suffering asserted by Lavern P. Nussbaum, administrator of the Estate of Alberta M. Nussbaum, deceased, and the claim of Rosemary Nussbaum, a minor, by Wilfred Nussbaum, her guardian, for personal injuries, pain and suffering and future pain and suffering and disability.

A rule to show cause why the prayer of the petition should not be granted was issued on March 22, 1961, returnable May 1, 1961.

On February 26, 1961, plaintiff filed a motion to strike off defendant's petition to sever for the reason that said petition failed to set forth facts showing a prima facie right to join Lavern P. Nussbaum as an additional defendant. A hearing was held on May 1, 1961, and informal briefs filed later.

The only question which the court has to decide is whether in a petition for the severance of a person already a party to an action, the petitioner must set forth a prima facie right to join such person as an additional defendant, in other words, whether the

petitioner for a severance must allege facts which, if true, would constitute a right of action on the part of the original defendant against the party sought to be severed.

The petition in this case sets forth as the reason for the severance that the situation existing in the case works to the prejudice of defendant.

Both parties cite and rely on Pennsylvania Rules of Civil Procedure 213 (b) and certain cases in which this question has arisen.

Rule 213 (*b*) of the Pennsylvania Rules of Civil Procedure provides: "(b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits or issues."

In most of the earlier cases in which this problem was presented factual matters were considered: Darrow v. Keystone 5, 10, 25 & $1 Stores, 60 Dauph. 134; Swope v. Costello, 47 D. & C. 696; Gusler v. Swartzentruber, 48 D. & C. 705; Carlin v. Markyak, 65 D. & C. 498.

However, the later cases hold that it is not necessary to allege factual matters on which the original defendant bases his claim against the person whose severance is sought: Frank v. Lebow, 84 D. & C. 561; Poole v. Mushroom Transportation Company, 31 Del. Co. 274; Wnek v. Boyle, 74 D. & C. 475; Seymour v. Folberg, 46 D. & C. 292; Judge v. Lang, 43 D. & C. 511; Schragel v. Covert, 11 Beaver 163; Fisher v. Diehl, 156 Pa. Superior Ct. 476.

We feel that the trend of the more recent cases, that is those cases that hold that factual matters need not be set forth in a petition to sever, is the more sound and realistic. We have found only one recent case which

seems to hold otherwise; this is the case of Negley v. McKeehan, 7 D. & C. 2d 21, 23, decided in 1956, relied on by plaintiffs, wherein the court, at page 23, says: "The granting of a severance under Pa. R. C. P. 213 (b) is largely a matter of discretion with the court. However, the party seeking a severance must show that he has good grounds therefor."

This quotation is, in meaning, although not in exact verbiage, the same as set forth in an early Dauphin County case: Darrow v. Keystone 5, 10, 25 & $1 Stores, 60 Dauph. 134, 138. The Dauphin County court has since repudiated this principle by its decision in the later case of Frank v. Lebow, 84 D. & C. 561. Even in the case of Negley v. McKeehan, supra, the report of the case, while showing that the court did make the quoted statement, does not indicate anywhere in the court's recital of the facts that defendant did set forth any grounds for severance other than those set forth in the case at bar and the severance was granted in that case.

The severance in this court's opinion should be granted in this case.

### Order of Severance

Now, August 3, 1961, the prayer of the petition for severance is granted as prayed for and the claim of Lavern P. Nussbaum, individually, is hereby severed from the claim of Lavern P. Nussbaum, administrator of the Estate of Alberta M. Nussbaum, deceased, and from the claim of Rosemary Nussbaum, a minor, by Wilfred Nussbaum, her guardian, so as to permit the joinder of Lavern P. Nussbaum, individually, as an additional defendant in the actions. Defendant is allowed 30 days from this date to file his praecipe and any other pleadings required by law in order to join the said Lavern P. Nussbaum as an additional defendant as prayed for.